

## IN THE CIRCUIT COURT OF PHILLIPS COUNTY, ARKANSAS
## CIVIL DIVISION

| | |
|---|---|
| B&L FARMS PARTNERSHIP,<br>DOUBLE A FARMS,<br>NJ&B PARTNERSHIP<br>NEIL CULP,<br>ALLEN CULP<br>PAM CULP,<br>JILL CULP,<br>RONNIE GEORGE,<br>R. P. GEORGE,<br>BRAIN CHASTAIN FARMS,<br>JOSH BARTLETT,<br>RANDLE FORAN D/B/A RANDLE FORAN FARMS,<br>BORDERLINE FARMS, JV<br>WILSON APPLICATION, LLC and<br>on behalf of all others similarly situated | **PLAINTIFFS** |
| V.   NO. 54CV-2017-132 | |
| MONSANTO COMPANY,<br>BASF SE,<br>BASF CORPORATION | **DEFENDANTS** |

FILED
At 10 O'clock AM
JUN 20 2017
LYNN STILLWELL
PHILLIPS COUNTY CIRCUIT CLERK
By _____ D.C.

### CLASS ACTION COMPLAINT

Comes now Plaintiffs B&L Farms Partnership, Double A Farms, NJ&B Partnership, Neil Culp, Allen Culp, Pam Culp, Jill Culp, Ronnie George, R. P. George, Brian Chastain Farms, Josh Bartlett, Randle Foran, d/b/a Randle Foran Farms, Borderline Farms, JV, and Wilson Application, LLC (collectively referred hereafter as "Plaintiffs"), individually and on behalf of all others similarly situated, and for their Class Action Complaint against Defendants Monsanto Company, BASF SE, BASF Corporation:

### Parties

1. Plaintiff B&L Farms Partnership farms soybeans in Phillips County Arkansas.

2. Plaintiff Double A Farms raises crops including soybeans in Phillips County Arkansas.

3. Plaintiff NJ&B Partnership raises crops including soybeans in Phillips County Arkansas.

4. Plaintiff Neil Culp raises crops including soybeans in Phillips County Arkansas.

5. Plaintiff Allen Culp raises crops including soybeans in Phillips County Arkansas.

6. Plaintiff Pam Culp raises crops including soybeans in Phillips County Arkansas.

7. Plaintiff Jill Culp raises crops including soybeans in Phillips County Arkansas.

8. Plaintiff Ronnie George raises crops including soybeans in Phillips County Arkansas.

9. Plaintiff R. P. George raises crops including soybeans in Phillips County Arkansas.

10. Plaintiff Brian Chastain Farms raises crops including soybeans in Phillips County Arkansas.

11. Plaintiff Josh Bartlett raises crops including soybeans in Phillips County Arkansas.

12. Plaintiff Randle Foran d/b/a Randle Foran Farms raises crops including soybeans in Phillips County Arkansas.

13. Plaintiff Borderline Farms is a joint venture comprised of Barry Jones and his wife Denise Jones in Lee County, Arkansas raising soybeans, cotton and other crops.

14. Plaintiff Wilson Application, LLC is an Arkansas Limited Liability Company, an applicator of herbicides located in Holly Grove, Monroe County Arkansas.

15. Defendant Monsanto Company (Monsanto) is a foreign for profit corporation, incorporated in Delaware, and headquartered in St. Louis, Missouri. The registered agent of service for Monsanto is CORPORATION SERVICE COMPANY, 300 SPRING BUILDING, SUITE 900, 300 S. SPRING STREET LITTLE ROCK, AR 72201.

16. Defendant BASF Corporation (BASF) is a foreign for profit corporation, incorporated in Delaware, and headquartered in Florham park, New Jersey. The registered agent of service for BASF is THE CORPORATION COMPANY, 124 WEST CAPITOL AVENUE, SUITE 1900, LITTLE ROCK, AR 72201.

17. BASF SE is a foreign for profit corporation headquartered in Ludwigshafen, Germany. BASF SE does business in Phillips County, Arkansas

through its affiliate, subsidiary, agent, and distributor BASF Corporation. All actions by BASF Corporation mentioned herein are imputed to BASF SE.

## Jurisdiction and Venue

18. This Court has jurisdiction over this civil action. This Court has subject matter jurisdiction over this action pursuant to Ark. Const. Amend. 80 § 6(A), which makes the trial court "the original jurisdiction of all justiciable matters not otherwise assigned pursuant to the Arkansas Constitution."

19. Venue is proper in this Court pursuant to Ark. Code Ann. § 16-60-101.

## Factual Allegations

20. Defendants designed, developed, marketed, distributed, and sold a dangerous herbicide known as Dicamba.

21. Dicamba has known deleterious effects on soybeans, cotton, and other crops.

22. Defendants designed, developed, marketed, distributed, and sold Dicamba tolerant soybean and cotton seeds.

23. Defendants charged farmers who purchased Dicamba tolerant seed an additional "tech fee" of approximately $10 per acre to obtain Dicamba tolerant seeds for the 2017 growing season.

24. Defendants offered a rebate for the use of Dicamba tolerant seeds along with Dicamba herbicide for the 2017 growing season.

25. The use of Dicamba during the 2016 growing season resulted in significant harm to the soybean crop in Arkansas and in other states, causing Plaintiffs and many other similarly situated farmers to plant Dicamba tolerant seeds in a defensive posture for the 2017 growing season. This led to significant monetary expenditure by the Plaintiffs, and other similarly situated persons, as a direct result of the irresponsible marketing and distribution of Dicamba herbicide.

26. During the 2017 growing season, the use of Dicamba has caused extensive damage to soybean and other crops.

27. Dicamba has been or will be removed from the market by the Arkansas State Plant Board.

28. Plaintiffs, and similarly situated individuals, who purchased Dicamba herbicide are no longer able to use it due to its negative effects on surrounding crops.

29. Plaintiffs, and similarly situated persons, will realize a reduced yield on their crops due to the inability to use Dicamba to fend off harmful weeds.

30. Plaintiffs, and similarly situated persons, will not realize the rebate offered by Defendants now that Dicamba has been or will be removed from the market.

31. Plaintiffs and plaintiff applicators, modified their spray rigs at great cost to apply Dicamba, but were not able to apply the Dicamba due to its volatility and subsequent removal from the market.

## Class Action Allegations

32. Plaintiffs bring this action on their own behalf of a nationwide class defined as all persons or entities who suffered damage through the purchase of Dicamba or Dicamba tolerant seeds or modified their equipment to apply Dicamba due to the unlawful design, development, marketing, distribution, and sale of Dicamba by Defendants. This action satisfies the Ark. R. Civ. P. 23(a) requirements of numerosity, commonality, typicality, and adequacy of representation, and the Rule 23(b) requirements of predominance and superiority.

33. Plaintiffs do not know the exact number of the individuals included in the proposed Class, but believe that number to be in the thousands. Plaintiffs believe that the proposed Class encompasses many thousands or tens of thousands of individuals who are geographically dispersed throughout the United States. Because of the size and dispersal of the class, the class is so numerous that joinder of all the members is impracticable.

34. All members of the Class have been subject to and affected by the same practices and policies described herein. There are questions of law and fact that are common to the Class, and predominate over any questions affecting only individual members of the Class. These questions include, but are not limited to the following:

    a. Whether Defendants engaged in unfair, false, deceptive, or unconscionable behavior;

6

b. Whether Defendants conduct toward Plaintiffs and the class was false, deceptive, or unconsionable;

c. Whether Defendants were unjustly enriched by the sale of Dicamba.

d. Whether Plaintiffs and the class were injured by the Defendants.

e. The proper class-wide measure of damages

f. Whether Defendants were negligent by designing, developing, marketing, and selling Dicamba. Dicamba tolerant seeds.

g. Whether Defendants were negligent by designing, developing, marketing, and selling Dicamba tolerant seeds.

h. Whether Defendants suppressed or concealed material facts about the safety of its Dicamba products.

I. Whether Defendants knew or should have known that the harmful effects of Dicamba were inevitable.

j. Whether Punitive damages should be imposed upon Defendants for their conduct.

k. Whether Defendants had a legal duty to innocent third parties, such as Plaintiffs and the class, to use ordinary care to protect them against the unreasonable risk of harm created by the use of Dicamba.

l. Whether the Dicamba sold to Plaintiffs and the Class was fit for the particular purposes for which it was sold.

    m.    Whether the Dicamba tolerant seeds sold to Plaintiffs and the Class were fit for the particular purposes for which they were sold.

    n.    Whether Plaintiffs and the Class are entitled to injunctive relief.

    o.    Whether the Dicamba sold to Plaintiffs and the Class was fit for its ordinary purposes.

    p.    Whether the Dicamba tolerant seeds sold to Plaintiffs and the Class were fit for their ordinary purposes.

35. The claims of the named Plaintiffs are typical of the claims of the Class and do not conflict with the interests of any other members of the class in that both the Plaintiffs and the other members of the Class were subject to the same wrongful policies and practices by Defendants.

36. The individually named Plaintiffs will fairly and adequately represent the interests of the proposed Class. They are committed to the vigorous prosecution of the Class' claims and have retained attorneys who are qualified to pursue this litigation and have experience in Class actions.

37. The prosecutions of separate actions by individual members of the Class would create a risk of adjudications with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members of the Class who are not parties to the action, or could substantially impair or impede their ability to protect their interests.

38. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class which would establish incompatible standards of conduct for the parties opposing the Class. Such incompatible standards and inconsistent or varying adjudication, on what would necessarily be the same essential facts, proof, and legal theories, would also create, and allow to exist, inconsistent and incompatible rights within the plaintiff Class.

39. The Defendants have acted or refused to act on grounds generally applicable to the Class making final declaratory or injunctive relief appropriate.

40. The questions of law and fact common to members of the Class predominate over any questions affecting only individual members.

41. Notice to the proposed Class can be achieved through the U.S. mail to the addresses of the Class members that are kept within the Defendants' records. Notice can also be supplemented via publication.

42. A Class action is procedurally superior to other available methods for the fair and efficient adjudication of the controversies herein in that:

    a. Individual claims by the Class members are impractical as the costs of pursuit far exceed what any one individual Plaintiff has at stake.

    b. As a result, individual members of the Class have no interest in prosecuting and controlling separate actions.

    c.     It is desirable to concentrate litigation of the claims herein in this forum.

    d.     The proposed Class action is manageable.

## COUNT I: STRICT PRODUCTS LIABILITY

43.    Plaintiffs incorporate into this Count all preceding paragraphs.

44.    Defendants engaged in the business of manufacturing, selling, and distributing Dicamba and Dicamba tolerant seeds in a defective condition that rendered them unreasonably dangerous. That defective condition was a proximate cause of the harm suffered by the Plaintiffs and the Class.

45.    Dicamba is a defective product that cannot be used in a safe manner without injury to neighboring crops that are not resistant to the herbicide.

46.    Plaintiffs and the Class suffered damages from having to protect against the use of Dicamba or from having to discontinue the use of Dicamba due to its unreasonably dangerous defective condition.

47.    Plaintiffs were damaged as a direct proximate result of the defective condition of Dicamba, which existed when the product was sold

## COUNT II: NEGLIGENCE

48.    Plaintiffs incorporate into this Count all preceding paragraphs.

49.    Defendants negligently designed, developed, marketed, distributed, and sold Dicamba and Dicamba tolerant seeds.

50. Defendants failed to use ordinary care in the design, development, marketing, distribution, and sale of Dicamba and Dicamba tolerant seeds.

51. No company exercising ordinary care would have designed, developed, marketed, distributed, and sold Dicamba or Dicamba tolerant seeds due to the unavoidably harmful effects of the herbicide on surrounding crops.

52. Such harmful effects were foreseeable and were the proximate result of the damages suffered by the Plaintiffs and the Class.

### COUNT III: BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

53. Plaintiffs incorporate into this Count all preceding paragraphs.

54. Defendants sold Dicamba and Dicamba tolerant seeds in the ordinary course of its business.

55. Plaintiffs purchased Dicamba or Dicamba tolerant seeds.

56. Dicamba is not fit for the ordinary purpose for which it was intended because of its unreasonably, and unavoidably, harmful effects on surrounding crops.

57. The unfitness of Defendants products proximately caused the damages suffered by Plaintiffs and the Class, due to exposure to Dicamba or the inability to use purchased Dicamba.

### COUNT IV: BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

58. Plaintiffs incorporate into this Count all preceding paragraphs.

59. Defendants knew that the Plaintiffs and the Class would use Dicamba to protect against the encroachment of weeds.

60. Defendants knew that Plaintiffs and the Class would purchase Dicamba tolerant seeds in conjunction with Dicamba to protect against the encroachment of weeds.

61. The inability to use Dicamba rendered the Dicamba tolerant seeds unfit for the particular purpose for which they were purchased.

62. The inability to use Dicamba rendered the herbicide itself unfit for the particular purpose for which it was purchased.

63. Breach of the implied warranty of fitness for a particular purpose rendered Defendants' products unusable, and Plaintiffs' damages arose therefrom.

## COUNT V: VIOLATION OF ARKANSAS'S DECEPTIVE TRADE PRACTICES ACT, ARK. CODE ANN. § 4-88-107

64. Plaintiffs incorporate into this Count all preceding paragraphs.

65. Section 4-88-107(a)(10) of the Arkansas Code Annotated provides that it is unlawful and prohibited to "engag[e] in any other unconscionable, false, or deceptive act or practice in business, commerce, or trade."

66. Section 4-88-115 of the Arkansas Code Annotated provides that "[a]ny civil action brought to enforce the provisions of this chapter may be brought in any court of competent jurisdiction in this state during a period of five (5) years

commencing on the date of the occurrence of the violation or the date upon which the cause of action arises."

67. As described herein, Defendants knowingly and intentionally engaged in deceptive acts or practices, making false representations as to the characteristics of Dicamba.

68. As a result of Defendants' deceptive acts and practices, Plaintiffs and Class members have been injured through the purchase of or non-use of Dicamba or Dicamba tolerant seeds.

69. Plaintiffs and Class members have suffered damages as a result of Defendants' unlawful, deceptive and unfair business practices.

### COUNT VI: FRAUD, DECEIT, and/or MISREPRESENTATION

70. Plaintiffs incorporate into this Count all preceding paragraphs.

71. Defendants knew of the unreasonably dangerous nature of Dicamba and its unfitness for use in the general market, despite this knowledge Defendants knowingly made false representations of material fact regarding the suitability of Dicamba for use in the general market.

72. Plaintiffs and the Class justifiably relied on Defendants' misrepresentations in purchasing Dicamba and Dicamba tolerant seeds.

73. Defendants use of misrepresentations substantially influenced Plaintiffs to implement the Dicamba and Dicamba tolerant seed system, which they were unable to use, leading to the expense of money and loss of crops.

74. By and through such fraud, deceit, misrepresentations and/or omissions, Defendants intended to induce Plaintiffs and those similarly situated to alter their position to their detriment.

75. Plaintiffs and those similarly situated justifiably and reasonably relied on Defendants' omissions and misrepresentations, and, as such, were damaged by the Defendant.

76. As a direct and proximate result of Defendants' omissions and misrepresentations, Plaintiffs and those similarly situated have suffered damages including monetary and crop damages.

## COUNT VII: UNJUST ENRICHMENT

77. Plaintiffs incorporate into this Count all preceding paragraphs.

78. Defendants' illegal, deceptive, and tortious actions have unjustly enriched Defendants, to the detriment of Plaintiffs and the Class, by causing Defendants to receive excessive monetary payments from Plaintiffs and the Class.

79. Plaintiffs and Class members have been injured by the reasonably relying on Defendants promises and representations regarding Dicamba and Dicamba tolerant seeds.

80. Defendants' retention of funds paid by Plaintiffs and Class members violates the fundamental principles of justice, equity, and good conscience.

81. Accordingly, Defendants should be ordered to return any funds obtained as a result of their promises and representations regarding Dicamba and Dicamba tolerant seeds.

## COUNT VIII: PUNITIVE DAMAGES

82. Plaintiffs incorporate into this Count all preceding paragraphs.

83. Defendants' actions as set forth herein show complete indifference to or conscious disregard for the safety of others. Defendants' actions were reckless, intentional, knowing, malicious, and willful.

84. Plaintiffs are entitled to recover punitive damages against Defendants in a fair and reasonable amount.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court grant the following relief:

a. Certify that this lawsuit may be prosecuted as a Class Action pursuant to Rule 23 of the Arkansas Rules of Civil Procedure;

b. Appoint Plaintiffs and Plaintiffs' counsel to represent the Class;

c. Declare that Defendants have committed the violations alleged herein.

d. An award of compensatory damages.

e. For declaratory and injunctive relief on behalf of the Plaintiffs and Class.

f. An award of punitive damages

g.  An award of Plaintiffs' costs, expert fees, disbursements, attorneys' fees.

h.  Disgorgement of profits that the Defendants have received to date and will receive for the next five (5) years.

I.  Any other relief the Court deems just or proper.

## Jury Demand

Plaintiffs demand a trial by jury on all claims so triable as a matter of right.

Respectfully submitted,

**B&L FARMS PARTNERSHIP,**
**DOUBLE A FARMS,**
**NJ&B PARTNERSHIP**
**NEIL CULP,**
**ALLEN CULP**
**PAM CULP,**
**JILL CULP,**
**RONNIE GEORGE,**
**R. P. GEORGE,**
**BRAIN CHASTAIN FARMS,**

16

JOSH BARTLETT,
RANDALE FORAN FARMS,
PACE HINDSLEY,
JUSTIN SIMMONS, Individually
and on behalf of all others similarly
situated, PLAINTIFFS

By: *David A. Hodges* 6/20/17
DAVID A. HODGES
 Attorney at Law
 212 Center Street, Fifth Floor
 Little Rock, AR 72201-2429
 Arkansas Bar No. 65021
 Telephone:      501-374-2400
 Facsimile:  501-374-8926
 E-Mail: david@hodgeslaw.com

DAGGETT, DONOVAN & PERRY, PLLC

By: *Joe R. Perry*
JOE R. PERRY
12 South Poplar Street
Marianna, AR 72360
Arkansas Bar No. 88191
Telephone: 870 295-3434
Facsimile:   870 295-3445
E-Mail: joe@daggettlaw.com

By: *Jesse B. Daggett*
JESSE B. DAGGETT
12 South Poplar Street
Marianna, AR 72360
Arkansas Bar No. 71019
Telephone: 870 295-3434
Facsimile:   870 295-3445
E-Mail: jesse@daggettlaw.com