**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **IN RE: DICAMBA HERBICIDES** | ) | **MDL No. 2820** |
| **LITIGATION** | ) | |
| | ) | |
| ***This document relates to:*** | ) | |
| **B&L Farms Partnership, et al.** | ) | **Case No. 4:17cv2418** |
| **Bruce Farms Partnership, et al.** | ) | **Case No. 1:18cv26** |
| **Claassen, et al.** | ) | **Case No. 1:18cv28** |
| **Landers, et al.** | ) | **Case No. 1:17cv20** |
| **Smokey Alley Farm Partnership, et al.** | ) | **Case No. 4:17cv2031** |
| **Forest River Farms** | ) | **Case No. 4:18cv181** |
| **Pic** | ) | **Case No. 4:18cv533** |

## MEMORANDUM and ORDER

This matter is before the Court on defendants DuPont and Monsanto's motions to strike putative class claims from stayed complaints. (#210, #211.) The plaintiffs filed Master Complaints in this case on August 1, 2018. According to the Case Management Order ("CMO") entered on July 23, 2018, any current plaintiff in the MDL that is not named in a Master Complaint could (1) conform its pleading to a Master Complaint by filing a Notice to Conform, (2) dismiss its complaint without prejudice, or (3) do nothing and have its case stayed. Of the cases currently stayed by operation of the CMO, seven of them include putative class claims. Defendant Monsanto has moved to strike the class claims from those stayed case complaints. Defendant DuPont has moved to strike the class claims from the only complaint that names it as a defendant (*Smokey Alley Farm Partnership*, No. 4:17cv2031).

The matter was fully briefed just before this Court held a status conference on October 19, 2018. At that conference, the Court indicated that it planned to deny

Monsanto's motion. Having now read all the briefing on both motions, the Court will deny both motions.

First, defendants argue that Federal Rule of Civil Procedure 23 requires the Court to address class certification "at an early practicable time." Fed. R. Civ. P. 23(c)(1)(A). Because the classes proposed by the seven stayed cases cannot be certified while they are stayed, defendants insist that the class allegations should be dismissed. However, defendants cite no MDL cases that involve stayed class claims. Defendants' authority, *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1804 (2018), does not call for the dismissal of the stayed class claims. Rather, that case observes that the recent changes to Rule 23(c) were "made to allow greater leeway, more time for class discovery, and additional time to 'explore designation of class counsel'…rather than deny class certification." *Id.*

Further, as plaintiffs point out, the Court's ruling on class certification for the Master Crop Damage Complaint will deal with common issues relevant to the stayed cases. The Court's rulings on the pending motions to dismiss will likewise be relevant to the stayed cases. Thus, Monsanto's arguments regarding the efficiency of the MDL litigation are unfounded. Although both Monsanto and DuPont argue that they will suffer prejudice due to delays in discovery, the defendants have received discovery in the form of the Plaintiff Fact Sheets --- in fact, the Plaintiff Fact Sheets were conceived of at least in partial response to defendants' concerns that they would not receive discovery from the stayed plaintiffs.

Finally, Monsanto and DuPont have cited no authority allowing the Court to summarily strike class allegations in pending, stayed complaints. Rule 23(d)(1), which allows the Court to "require that the pleadings be amended to eliminate allegations about

representation of absent persons and that the action proceed accordingly," does not support the extreme approach of striking a stayed complaint's class allegations.

Accordingly,

IT IS HEREBY ORDERED that defendants DuPont and Monsanto's motions to strike putative class claims from stayed complaints (#210, #211) are DENIED.

Dated this 23rd day of October, 2018.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE